Opinion of the Court.

ZEB. WARD, &C. v. WILLIAM CLAXON, &C.

**Evidence of Accounts Between Litigants not Supporting Verdict.**
    Where the evidence shows a confusion of accounts, a verdict predicated thereon will be reversed.

APPEAL FROM FRANKLIN CIRCUIT COURT.

June 3, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

This case was submitted to the jury without instructions, none having been asked, nor given, and all the evidence offered on the trial was heard without objection. The only question therefore presented by this appeal to this court is whether the judgment as rendered after a remittur of near one thousand dollars by appellees of the verdict found by the jury, can be sustained by the jury?

A most careful and laborious examination and analysis of the evidence has not enabled us to ascertain the data on which the jury reached the conclusion to which they came, nor the result at which the court arrived after deducting the amount of credits given on their account by appellees from the indebtedness proved by them.

Whoever may have the labor of examining the accounts as presented by both parties, cannot escape the conviction that neither party kept regular books. The list of credits given by Morgan Perry and attached to his deposition, which he proves was given out to him by Hall, and constituted all he then claimed corresponds precisely with the list of credits attached to appellees' account filed with their petition—even in the confusion of dates. On which some credits of May precede others of April of the same year, and these irregularities appear precisely alike on each, which scarcely could be the result of accident. Again appellants after the fullest of denials of an employment of appellees by them, as charged in the petition, present an account of advancements of money made by them to appellees, which would be inexplicable upon any other hypothesis than that appellees were engaged in

making purchases of some kind for appellants.  The account of advancements presented with the answer, and the manner of entering the dates of payments show that the account was negli· gently kept.  The first item charged on said account is of date 25th of May, 1865, T. M. Jones, $500.  And the next is 21st of December, 1864, William Claxon, $3000.  And there are others of similar character which could be referred to.

These irregularities are mentioned to show how negligently the parties seem to have kept their accounts.  But as the case must be sent back for another trial, it would be improper for this court to enter upon an analysis of all the evidence and present its conclusion of what would be the proper judgment in the case. It must suffice to say that after a very full examination of the evidence and the pleadings in the case, with the accounts as presented by the parties, this court has been unable to find from the evidence that the indebtedness of appellants to appellees as great by a considerable amount as the judgment complained of is rendered for.

We suggest without giving any positive instructions on the point whether a more satisfactory result would not be reached by referring the case to a skillful accountant, as commissioner to audit and state the accounts of the parties.

For the reasons stated the judgment must be reversed, and the cause remanded for a new trial and for further proceedings consistent herewith.

*Craddock & Trabue, for appellants.*

*Lindsey & Rodman, for appellees.*